ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

    - against -

JEROME O'HARA, and
GEORGE PEREZ

                Defendants.

------------------------------------------------------------x

09 Civ. 9425

USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #:
DATE FILED: 12/13/24

**FINAL JUDGMENT AS TO DEFENDANT GEORGE PEREZ**

The Securities and Exchange Commission having filed a Complaint and Defendant George Perez having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

- (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

- (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently enjoined from, directly or indirectly, singly or in concert, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

- a. employing any device, scheme or artifice to defraud any client or prospective client; or

- b. engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any client or prospective client,

in violation, or aiding and abetting a violation, of Sections 206(1) and 206(2) of the Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

2

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently enjoined from, directly or indirectly, while acting as a broker or dealer, by use of the mails or the means or instrumentalities of interstate commerce, from effecting transactions in, or inducing or attempting to induce the purchase or sale of, securities, by means of manipulative, deceptive, or other fraudulent devices or contrivances, including:

a. acts, practices, and courses of business that operate or would operate as a fraud or deceit upon any person,

b. untrue statements of material fact and omissions to state a material fact, necessary, in light of the circumstances under which they were made, not misleading,

in violation, or aiding and abetting a violation, of Section 15(c) of the Exchange Act [15 U.S.C. §78o(c)], and Rule 10b-3 thereunder [17 C.F.R. §240.10b-3].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

3

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently enjoined while operating as a broker or dealer, or in concert with such broker or dealer, from failing to make, maintain on such broker's or dealer's premises, or keep accurate, books and records required by law, including, but not limited to, account statements, ledgers, blotters and journals in violation, or aiding or abetting a violation, of Section 17(a) of the Exchange Act [15 U.S.C. § 78q(a)] and Rule 17a-3 thereunder [17 C.F.R. § 240.17a-3].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently enjoined while operating as an investment adviser, or acting in concert with such an investment adviser, and making use of the mails or of any means or instrumentality of interstate commerce in connection with her or its business as an investment adviser, from failing to make, maintain on such investment adviser's premises, or keep accurate, books and records required by law, including, but not limited to, account statements, ledgers, blotters and journals, in violation, or aiding and abetting a violation, of Section 204 of the Advisers Act [15 U.S.C. § 80b-4] and Rule 204-2 thereunder [17 C.F.R. § 275.204-2].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement and prejudgment interest totaling $622,685. This disgorgement and prejudgment interest shall be deemed satisfied by the $19.7 billion of restitution ordered against Defendant in United States v. O'Hara et al., 10 Cr. 228 (S.D.N.Y.) (LTS) and the forfeiture order entered in that action.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that no civil penalty shall be ordered against Defendant in this civil action, based on Defendant's criminal conviction, restitution order and sentence in United States v. O'Hara et al, 10 Cr. 228 (S.D.N.Y.).

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## IX.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: Dec. 13, 2024

_Louis L. Stanton_
UNITED STATES DISTRICT JUDGE

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
SECURITIES AND EXCHANGE COMMISSION,                              :
                                                                 :
                        Plaintiff,                               :
                                                                 :        09 Civ. 9425
        - against -                                              :
                                                                 :
JEROME O'HARA, and                                               :
GEORGE PEREZ                                                     :
                                                                 :
                        Defendants.                              :
                                                                 :
-----------------------------------------------------------------x

# CONSENT OF DEFENDANT GEORGE PEREZ

1.  Defendant George Perez ("Perez" or "Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.  On December 22, 2014, an order of judgment was entered against Perez in United States v. O'Hara et al., 10 Cr. 228 (S.D.N.Y.) for criminal conduct relating to certain matters alleged in the complaint in this action. The counts of the criminal indictment of which Perez was convicted include inter alia: securities fraud in violation of Section 10(b) of the Securities Exchange Act ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78ff], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; falsifying records of a broker dealer in violation of Section 17(a) of the Exchange Act [15 U.S.C. §§ 78q(a) and 78ff] and Rule 17a-3 thereunder [17 C.F.R. §240.17a-3]; and falsifying records of an investment advisor in violation of Section 204 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-4] and Rule 204-2 thereunder [17 C.F.R. §275.204-2]. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in United States v. O'Hara et al., 10 Cr. 228 (S.D.N.Y.).

3. Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins Defendant from violations of, or aiding and abetting violations of Sections 10(b), 15(c), and 17(a) of the Exchange Act [15 U.S.C. §§ 78j(b), 78o(c), 78q(a)], and Rules 10b-3, 10b-5 and 17a-3 thereunder [17 C.F.R. §§ 240.10b-3, 240.10b-5 and 240.17a-3]; and

(b) permanently restrains and enjoins Defendant from violations of, or aiding and abetting violations of Sections 204, 206(1) and 206(2) [15 U.S.C. §§ 80b-4, 80b-6(1) and 80b-6(2)] and Rule 204-2 thereunder [17 C.F.R. § 275.204-2].

4. Defendant acknowledges that he is liable for disgorgement of $350,000 and prejudgment interest of $272,685, totaling $$622,685. This disgorgement and prejudgment interest shall be deemed satisfied by the $19.7 billion of restitution ordered against Defendant in United States v. O'Hara et al., 10 Cr. 228 (LTS) (S.D.N.Y.) and the forfeiture order entered in that action.

5. Defendant acknowledges that no civil penalty shall be ordered against Defendant in this civil action, based on Defendant's criminal conviction, restitution order and sentence in United States v. O'Hara et al., 10 Cr. 228 (LTS) (S.D.N.Y.).

6. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

12.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

4

13. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the criminal conviction for related conduct described in paragraph 2 above and Exhibit A attached hereto, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

16.  Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 12/29/23

_____
George Perez

On 29 December, 2023 George Perez, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 08-09-2026

Approved as to form:

_____
Larry H. Krantz
Krantz & Berman LLP
747 Third Avenue
32nd. Floor
New York, NY 10017
(212) 661-0009
lkrantz@krantzberman.com
Attorney for Defendant

MOHEB TAWADROS
Notary Public, State of New Jersey
Commission # 50167803
My Commission Expires 08/09/2026

7